**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Winston O Pierson, | No. CV-16-02453-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, | |
| Defendant. | |

Before the Court is Defendant's Motion for Summary Judgment and Plaintiff's Cross Motion for Summary Judgment. (Docs. 35, 40.) The motions are fully briefed. For the following reasons, Defendant's motion is granted and Plaintiff's motion is denied.[1]

## LOCAL RULE OF CIVIL PROCEDURE 56.1

This District's Local Rules of Practice impose specific requirements on the form and content of summary judgment motions. "Any party filing a motion for summary judgment must file a statement, separate from the motion and memorandum of law, setting forth each material fact on which the party relies in support of the motion." LRCiv 56.1(a). Each of these facts "must refer to a specific admissible portion of the

---

[1] The parties' requests for oral argument are denied. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

record where the fact finds support (for example, affidavit, deposition, discovery response, etc.)." *Id.* Likewise:

> Any party opposing a motion for summary judgment must file a statement, separate from that party's memorandum of law, setting forth: (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position if the fact is disputed; and (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. Each additional fact must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the fact finds support.

LRCiv 56.1(b). The court may deem a movant's separate statement of facts to be true if the nonmoving party does not comply with these rules. *See Szaley v. Pima Cty.*, 371 Fed. App'x 734, 735 (9th Cir. 2010).

Defendant submitted a separate statement of facts setting forth each material fact upon which it relies in its memorandum of law. (*See* Doc. 36.) Each paragraph cites to specific evidence in the record against which no admissibility objections have been raised. In violation of LRCiv 56.1(b), however, Plaintiff did not submit a separate statement of correspondingly numbered paragraphs indicating whether he disputes or admits the facts asserted by Defendant, along with additional facts that he believes preclude summary judgment. Because Plaintiff failed to submit a separate statement of facts, his memorandum of law fails to "include citations to the specific paragraph in the statement of facts that supports assertions made in the memorand[um.]" LRCiv. 56.1(e). Although courts generally construe the pleadings of pro se litigants liberally, "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Accordingly, the Court deems Defendant's separate statement of facts to be undisputed for purposes of this order. *Szaley.*, 371 Fed. App'x at 735.

## **FACTUAL BACKGROUND**

Plaintiff is a 52-year-old African American male who has been employed by Defendant for over 30 years. (Doc. 36 ¶¶ 1, 8.) He has worked in Defendant's

Neighborhood Services Department (NSD) as a Neighborhood Preservation Inspector I (Inspector I) for about 17 years. (¶ 1.) In October 2015, NSD Code Compliance Manager Robert Lozier initiated a hiring process for an open Neighborhood Preservation Inspector II (Inspector II) position with NSD. (¶ 2.) The Inspector II job posting required code enforcement and case management-related experience. (¶ 6.) This requirement could be met by a candidate with two or more years of experience as an Inspector I or by demonstrating team supervision and quality control/productivity analysis experience. (*Id.*) Other preferred skills included demonstrated experience in process improvement/efficiency initiatives, public speaking/presentations, and leadership skills, training, and education. (*Id.*) Based on these criteria, Plaintiff was one of nine candidates selected to interview for the Inspector II position. (¶ 7.)

The candidates participated in the first round of interviews on February 8, 2016, before a four-person panel selected by Mr. Lozier. (¶¶ 9, 13.) The panel recommended candidates for additional interviews based on their performance during their first-round interviews. (¶ 15.) The panel's notes on the summary of Plaintiff's interview performance stated: "didn't answer the questions directly, great handshake, presents self well, left wanting more from answers." (¶ 19.) One panel member concluded that Plaintiff's interview "was one of the worst of the day." (¶ 20.) During deliberations, the panel reached a consensus that Plaintiff and one other candidate should not move forward in the process. (¶ 23.) Conversely, all four panel members agreed that two candidates would definitely move forward in the process—Bettina Manasseri and Reyes Espinoza. (¶ 24.) The panel members did not discuss or consider any applicant's race, sex, age, or other protected status during the interview process. (¶ 27.)

At the conclusion of the second-round interviews, a second panel recommended Ms. Manasseri, a 27-year-old Hispanic female, for the Inspector II position. (¶ 30.) Ms. Manasseri's resume established that she had the skills required for the Inspector II position, including over two years of experience enforcing codes, ordinances and regulations, and more than one year of supervisory experience. (¶ 63.)

On June 8, 2016, Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC), challenging his failure to receive an Inspector II promotion. (¶ 37.) On June 29, 2016, the EEOC issued a no cause finding and a Dismissal and Notice of Rights on Plaintiff's charge. (¶ 38.)

Plaintiff filed this action in July 2016, alleging employment discrimination on the basis of his race, age, and sex. (Doc. 1.) Specifically, Plaintiff challenges Defendant's promotion decisions in 2012 and 2016. (*Id.*) Plaintiff seeks to recover compensatory damages for mental or emotional injuries, as well as punitive damages. (Doc. 36 ¶ 65.) Defendant has moved for summary judgment on all counts. (Doc. 35.) In his response memorandum, Plaintiff cross-moves for entry of summary judgment. (Doc. 40.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323. The burden then shifts to the non-movant to establish the existence of a genuine and material factual dispute. *Id*. at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," and instead "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal quotation and citation omitted).

Substantive law determines which facts are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly

preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248). Conclusory allegations, unsupported by factual material, are insufficient to defeat summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). If the nonmoving party's opposition fails to cite specifically to evidentiary materials, the court is not required to either search the entire record for evidence establishing a genuine issue of material fact or obtain the missing materials. *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1028-29 (9th Cir. 2001); *Forsberg v. Pac. N.W. Bell Tel. Co.*, 840 F.2d 1409, 1417-18 (9th Cir. 1988).

## DISCUSSION

Plaintiff's discrimination claims arise under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA), which prohibit discrimination in employment based on race, color, religion, sex, national origin, and age, and are governed by the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See* 42 U.S.C. § 2000e-2; 29 U.S.C. § 621; *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1123 (9th Cir. 2000); *Douglas v. Anderson,* 656 F.2d 528, 531-32 (9th Cir. 1981).

Under the *McDonnell Douglas* framework, a plaintiff first must establish a *prima facie* case of discrimination by showing that he: (1) is a member of a protected class, (2) is qualified for his job, (3) suffered an adverse employment action, and (4) was treated less favorably than other similarly situated employees outside his protected class. 411 U.S. at 802. "The requisite degree of proof necessary to establish a *prima facie* case for Title VII and ADEA claims on summary judgment is minimal and does not even need to rise to the level of a preponderance of the evidence." *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994). If a plaintiff makes this threshold showing, "[t]he burden of production, but not persuasion, then shifts to the employer to articulate some legitimate,

nondiscriminatory reason for the challenged action." *Chuang*, 225 F.3d at 1123-24. If the employer does so, the burden shifts back to the plaintiff to demonstrate that the employer's proffered reason is a pretext for discrimination, "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981). A plaintiff's evidence on this point "must be both specific and substantial to overcome the legitimate reasons put forth by," the employer. *Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 659 (9th Cir. 2002).

Defendant argues that Plaintiff's claims arising out of alleged adverse employment actions occurring before 2016 must fail because they are time-barred. (Doc. 35 at 5.) Defendant also argues that it is entitled to summary judgment on Plaintiff's claims arising out of the 2016 Inspector II promotion process because it had a legitimate, non-discriminatory reason for not promoting Plaintiff, and Plaintiff has proffered no evidence that this reasons is a pretext for discrimination. (*Id.* at 7-16.) The Court addresses each of Defendant's arguments in turn.

**I. Claims Pre-Dating 2016**

Plaintiff's complaint alleges over seven years of discriminatory practices by Defendant, including promotion decisions made in 2012 and 2016. Title VII and the ADEA require discrimination charges to be filed within 300 days of an alleged unlawful practice. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626. Thus, even though Plaintiff alleges that he suffered discrimination over the course of seven years, only those actions that resulted in a charge filed with the EEOC within the applicable 300-day filing period are actionable. Here, Plaintiff did not file a charge with the EEOC until June 8, 2016, and that charge pertained only to his failure to obtain a promotion to Inspect II after his February 2016 interview. Accordingly, to the extent Plaintiff is pursuing discrimination claims based on alleged adverse actions occurring prior to 2016, summary judgment in favor of Defendant is appropriate because those claims are no longer actionable.

## II.  Claims Relating to the 2016 Promotion Process

Plaintiff contends that he did not receive the Inspector II promotion because of his race, age, and sex.  For purposes of this order, the Court assumes that Plaintiff will be able to make a *prima facie* showing of discrimination at trial.  Plaintiff, however, "cannot defeat summary judgment simply by making out a *prima facie* case," *Lindahl v. Air France*, 930 F.2d 1434, 1437 (9th Cir. 1991), and he has not proffered specific and substantial evidence to overcome Defendant's legitimate, nondiscriminatory reason why Plaintiff was not selected for the Inspector II position.

Defendant offered undisputed evidence that, under its standard selection procedures, a candidate's interview performance is a primary factor in determining whether he will advance in the selection process.  (Doc. 36 ¶ 15.)  Once candidates are determined to meet the minimum requirements for the position and are invited to interview, they stand on equal footing going into the interview process. (¶ 14.) Defendant argues that it adhered to these policies during the selection process for the Inspector II position; Plaintiff was not selected for the position because he did not interview as well as the successful candidates.  Specifically, Plaintiff's "responses to questions were too general, and he did not do enough to demonstrate his supervisory knowledge and skills."  (Doc. 35 at 8.)  Conversely, all four panel members recommended Ms. Manasseri for a second-round interview because she outperformed seven other candidates, including Plaintiff.

Having offered a legitimate, nondiscriminatory reason why Plaintiff was not selected for the promotion, the burden shifts to Plaintiff to demonstrate through specific and substantial evidence that Defendant's proffered reason is a pretext for discrimination. "Pretext means more than a mistake on the part of the employer; pretext means a lie, specifically a phony reason for some action."  *Wolf v. Buss (America) Inc.*, 77 F.3d 914, 919 (7th Cir. 1996) (internal quotation and citation omitted).  Plaintiff "cannot simply show that the employer's decision was wrong, mistaken, or unwise."  *Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 746 (9th Cir. 2011) (internal

quotation and citation omitted). Instead, he must show "such weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." *Id.* Plaintiff has not made this showing.

To show pretext, Plaintiff claims that he has never been given a valid reason why he was not promoted. (Doc. 36 ¶ 52.) Plaintiff concedes that Mr. Lozier told him that he did not elaborate enough when answering two of the panel's questions during his 2016 interview, but argues this explanation is "vague." (*Id.*) But Plaintiff's belief that Mr. Lozier's answer is "vague" does not establish pretext. Despite Plaintiff's seniority and experience in the Inspector I position, he acknowledges that an applicant's performance in an interview plays a part in making a promotion decision. (¶ 16.) In fact, Plaintiff was given similar feedback in the 2012 interviews and did not take advantage of free interview courses offered by Defendant. (¶¶ 16, 44-45.) The undisputed evidence shows that Plaintiff's answers during the interview lacked specificity and therefore were insufficient to outperform other qualified candidates. (¶¶ 19-21, 45, 48.)

Plaintiff also argues that Ms. Manasseri did not meet the requirements for the Inspector II position because she did not have two years of experience in investigative fields, technical trades, City planning, or building inspections, including some public contact work. (¶ 61.) However, Plaintiff acknowledged in his deposition that the substitution of other combinations of experience and education may meet the minimum requirements for the position, including Ms. Manasseri's two years as an Inspector I. (¶ 62.) Moreover, even if the evidence suggested that Ms. Manasseri was less qualified than Plaintiff, that alone would not raise an issue of material fact for the jury. Hiring Ms. Manasseri was within Defendant's discretion and Plaintiff cannot show pretext merely by disagreeing with the correctness of his employer's judgment. Neither Title VII nor the ADEA "require the employer to have good cause for its decisions. The employer may [take action against] an employee for a good reason, a bad reason, or a reason based on erroneous facts, or for no reason at all, so long as its action is not for a discriminatory

reason." *Nix v. WLCY Radio/Rahall Commc'n*, 738 F.3d 1181, 1187 (11th Cir. 1984). Further, "an employee's subjective personal judgments of [his] competence alone do not raise a genuine issue of material fact." *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996). Stated differently, Plaintiff cannot defeat summary judgment by offering his own subjective belief that the panel's promotion decisions were wrong and that he was the most qualified candidate.

Plaintiff also relies on the fact that NSD currently has no African American Inspector II employees. He fails, however, to provide any statistical evidence comparing the relevant labor pool to the demographics of Inspector II employees. *See Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 650-51 (1989), *superseded by statute on other grounds*, 42 U.S.C. § 2000e-2(k); *Carter v. Ball*, 33 F.3d 450, 456 (4th Cir. 1994) ("mere absence of minority employees in upper-level positions does not suffice to prove a *prima facie* case of discrimination without a comparison to the relevant labor pool"). Instead, Plaintiff concedes that no other African Americans interviewed for the position in February 2016 and further acknowledges that NSD did not have control over the number of African Americans who applied. (Doc. 36 ¶ 54.) Moreover, the demographics of Inspector II employees are insufficient to establish discrimination across all NSD positions. *See Wards Cove Packing,* 490 U.S. at 653 ("Racial imbalance in one segment of an employer's work force does not, without more, establish a *prima facie* case of disparate impact.") In fact, the undisputed evidence shows that a number of African Americans have been promoted to other supervisory positions during the past ten years. (Doc. 36 ¶¶ 55-57.)

Likewise, Plaintiff asserts that female applicants have been promoted to Inspector II positions in the last four or five selection processes and currently occupy six Inspector II positions. (Doc 36 ¶ 59.) But Plaintiff again has not provided statistical evidence of the composition of the qualified labor market population. Moreover, four of the five candidates who advanced to the second round of interviews were male (¶¶ 24-25), and two of those males received temporary promotions to Inspector II positons (¶ 8). These

figures undermine any suggestion that Defendant discriminates against male applicants. Plaintiff also challenges Defendant's decision to promote three younger employees in 2016. The two males who received temporary promotions, however, were less than ten years younger than Plaintiff. (*See* Doc. 36 ¶ 8.) An age difference of less than ten years is not sufficient to establish a violation of the ADEA. *France v. Johnson*, 795 F.3d 1170, 1174 (9th Cir. 2015). [2]

## CONCLUSION

Plaintiff's allegations of discrimination before 2016 are time-barred. For those claims arising out of Defendant's 2016 promotional decisions, Plaintiff has not proffered specific and substantial evidence to overcome Defendant's legitimate, non-discriminatory reason for not selecting him for the Inspector II position. Defendant therefore is entitled to judgment as a matter of law on all claims against it. [3]

**IT IS ORDERED** that:

1. Defendant's Motion for Summary Judgment (Doc. 35) is **GRANTED**.

2. Plaintiff's Cross Motion for Summary Judgment (Doc. 40) is **DENIED.**

3. The Clerk shall enter judgment for Defendant and against Plaintiff on all claims and terminate this case.

Dated this 24th day of October, 2017.

Douglas L. Rayes
United States District Judge

---

[2] Further, Plaintiff testified that he is seeking punitive damages and compensatory damages for mental or emotional injuries. (Doc. 36 ¶ 65.) The ADEA, however, permits recovery of lost wages and liquidated damages; it does not permit recovery for emotional distress. *Stilwell v. City of Williams,* 831 F.3d 1234, 1247 (9th Cir. 2016). Accordingly, Plaintiff's ADEA claim fails because he has not alleged any recoverable damages.

[3] Because the Court concludes that Plaintiff's claims fail on the merits, it need not address Defendant's arguments concerning the availability of punitive damages under Title VII.